**JEFFREY L. VICTOR, P.C.**
Attorney at Law
5425 E. Bell Road, Suite 121
Scottsdale, Arizona 85254
(602) 749-0900

Jeffrey L. Victor - 013132
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| **AARON MORRIS** and **CASEY MORRIS**, husband and wife,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>　　　　Defendant. | Case No.  CIV 07-1837<br><br>**COMPLAINT**<br><br>(Tort – Non-Motor Vehicle) |

Plaintiffs Aaron Morris and Casey Morris, by and through their counsel undersigned, and for their Complaint against Defendants, state and allege as follows:

## JURISDICTION

1.　This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b) and 2671, et seq, and pursuant to Supplemental Jurisdiction 28 U.S.C. §1367 (a).

2.　Plaintiff has complied with the requirements of 28 U.S.C. § 2671 et seq., has served the appropriate notices required by law, and is therefore entitled to bring this action.

## PARTIES

3.　Plaintiffs are now, and at all times relevant hereto, have been residents of Maricopa County, State of Arizona; and that all events leading to this cause of action occurred in Pinal County, State of Arizona.

1

4. Defendant United States of America, through the Social Security Administration and/or General Services Administration, acting through its agents and/or servants and/or employees, caused an event to occur in the State of Arizona, which is the subject of this lawsuit.

## GENERAL ALLEGATIONS

5. All acts complained of herein occurred on the premises of the Social Security Administration office located at 501 N. Marshall Street, Casa Grande, Arizona (the "Premises").

6. Plaintiffs are informed and believe, and upon such information and belief allege, that at all times mentioned herein, Defendant United States of America maintained and/or operated and/or exercised control over a federally supported Social Security Administration office, located in Pinal County, Arizona.

7. Defendant was responsible for ensuring the maintenance and safety of the Premises.

8. On the morning of October 4, 2005, Plaintiff Aaron Morris was lawfully on Premises, assigned to work at the Social Security Administration office, when he slipped on water and fell, causing severe and debilitating injuries.

9. Upon information and belief, the water came from the floor being recently mopped.

10. At the time of the fall, no warning signs/cones were in place to forewarn the Plaintiff Aaron Morris of the water upon the floor.

11. Defendants owed a duty of care to Plaintiffs to keep the floor of the Premises clear of conditions, which could cause injuries. Defendants either had actual knowledge of the referenced wet floor or said Defendants lacked actual knowledge of the wet floor, which had existed so long a time prior to Plaintiff Aaron Morris' fall that Defendants in the exercise of due care could and should have known and had knowledge of the wet floor or that Defendants under their routine mode of operation should have reasonably anticipated that hazardous conditions would arise.

12.     The accident and injuries to Plaintiffs were caused solely by Defendants' negligent failure to comport with the standard of care owed to Plaintiff Aaron Morris, to keep the premises reasonably free of conditions, which could cause injuries.

13.     The negligence of Defendants at the above time and place among other things consisted of the following:

a.     Carelessly and negligently permitting and allowing janitorial personnel to clean the floors of the premises while Plaintiff Aaron Morris, and his co-workers were working in that area.

b.     Carelessly and negligently permitting and allowing water to collect and remain on the floor in the area where the Plaintiff Aaron Morris was walking.

c.     Carelessly and negligently allowing the water to remain on the floor for an inordinate amount of time.

d.     Failing properly to maintain the floor, particularly in the area of the accident, in a safe condition.

e.     Failing properly and adequately to supervise and oversee the floor so as to prevent the collection of dangerous substances on its floor.

f.     Failing to place warning signs/cones to forewarn of the freshly maintained floor.

**COUNT ONE**

**(Aaron Morris)**

14.     The negligence hereby incorporates by reference all allegations contained in paragraphs 1-13, inclusive.

15.     As a direct and proximate result of Defendants' negligence, Plaintiff Aaron Morris incurred severe injuries, which have caused him to suffer and continue to suffer great pain and have injured his general health;

16.     As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Aaron Morris' injuries may be permanent and that in all reasonable probability the effects of his injuries may become worse as he grows older.

17. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Aaron Morris has incurred expenses for medical treatment; and may incur additional medical expenses in the future.

18. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Aaron Morris has incurred severe mental anguish, aggravation, and physical pain and suffering.

19. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Aaron Morris has incurred a loss of wages and possible loss of earning capacity, in an amount, which will be proven at trial.

## COUNT TWO

### (Casey Morris)

20. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-19 inclusive.

21. As a result of Defendants' negligence, Plaintiff Casey Morris has sustained a loss of consortium with her husband, Aaron Morris, having lost the support and companionship of her husband.

22. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Casey Morris has suffered mental anguish, aggravation, distress and inconvenience.

23. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Casey Morris has incurred expenses and sustained a financial burden and may incur future expenses.

WHEREFORE, the amount in controversy exceeds the jurisdictional requirements of this Court, Plaintiffs prays that this Court grant them judgment against the Defendants, jointly and severally, as follows:

1. For all sums representing costs of medical expenses and other special expenses incurred, plus an amount to be determined as and for any reasonable future medical expenses that may be incurred by the Plaintiff Aaron Morris, as a result of the injuries sustained;

2.    For general damages to be awarded to Plaintiff Aaron Morris for the physical and mental pain, suffering and anguish suffered, plus reasonable future damages for Plaintiff's mental pain, suffering and anguish in a fair and equitable amount to be determined at trial;

3.    For all sums representing lost wages and lost earning capacity to be awarded to Plaintiff Aaron Morris, plus reasonable future lost wages and lost earning capacity, in a fair and equitable amount to be determined at trial;

4.    For all sums representing costs incurred, plus an amount be determined as and for any reasonable future expenses that may be incurred by the Plaintiff Casey Morris as a result of the injuries sustained by her husband, Plaintiff Aaron Morris;

5.    For an award of damages for compensation for Plaintiff Casey Morris' loss of consortium and companionship with her husband, Plaintiff Aaron Morris;

6.    For general damages to be awarded to Plaintiff Casey Morris for the mental pain, suffering and anguish suffered, plus reasonable future damages for Plaintiff's mental pain, suffering and anguish in a fair and equitable amount to be determined at trial, as a result of the injuries sustained by her husband, Plaintiff Aaron Morris;

7.    For an award of Plaintiffs' costs incurred herein; and

8.    For such other and further relief as the Court deems just and proper in the premises.

RESPECTFULLY SUBMITTED this 26th day of September, 2007.

JEFFREY L. VICTOR, P.C.


 /s/ Jeffrey L. Victor #013132
Jeffrey L. Victor
*Attorney for Plaintiffs*